Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES SAN GERARDO, INC.<br><br>Apelante<br><br>v.<br><br>ISRAEL TORRES VÉLEZ POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON VANESA RODRÍGUEZ ROBERT T/C/C VANESSA ARLENE RODRÍGUEZ ROBERTS Y OTROS<br><br>Apelada | KLAN202401073 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.: SJ2023CV11033 (SALÓN 802 CIVIL)<br><br>Sobre: COBRO DE DINERO – REGLA 60 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de agosto de 2025.

La apelante, señora Vanessa A. Rodríguez Roberts, solicita que revoquemos la Sentencia mediante la cual el Tribunal de Primera Instancia declaró ha lugar la demanda en su contra. Por su parte, la apelada, Asociación de Residentes de San Gerardo presentó su oposición al recurso, perfeccionando el recurso ante nuestra consideración.

**I**

Los hechos pertinentes para atender y resolver este recurso son los siguientes.

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-013 efectivo el 6 de febrero de 2025.

La Asociación presentó una demanda contra la apelante al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V. La apelada, adujo que la señora Rodriguez Roberts adeudaba $773.52 por las cuotas de mantenimiento vencidas y no pagadas, los intereses, recargos y penalidades. La deuda reclamada en la demanda correspondía al período de 1 de octubre de 2019 al 19 de julio de 2023. La apelada reclamó sesenta dólares ($60.00) por las costas, ochenta y ocho dólares ($88.00) de gastos legales, quinientos dólares ($500.00) de honorarios de abogado y novecientos cincuenta dólares ($950.00) más en honorarios de abogado por si había que ejecutar la sentencia y, costas y gastos del proceso. Página 1 del apéndice de la oposición al recurso.

La señora Rodriguez Roberts negó las alegaciones en su contra. El TPI anotó la rebeldía a la apelante y realizó el juicio en su fondo. Ambas partes comparecieron a la vista con sus abogados. La Asociación presentó el testimonio de la señora Díaz Cruz, la apelante el suyo propio.

El TPI declaró no ha lugar la demanda, porque la apelada no probó una deuda líquida, vencida y exigible. El foro primario no dio credibilidad a la testigo de la apelada porque (1) declaró que la deuda ascendía a $958.16, pero no pudo precisar el termino de tiempo comprendido, (2) no pudo identificar los meses adeudados por la falta de pago de las cuotas de mantenimiento, ni en los que procedía cobrar recargos, (3) no pudo identificar cuando los pagos se comenzaron a aplicar a la deuda de la sentencia en el caso SJ2019CV05601, porque la apelante incumplió con el plan de pago y (4) no fue hasta el contrainterrogatorio que logró identificar ciertos meses en los que la apelante no realizó los pagos. Pág. 80 del apéndice del recurso.

Por otro lado, el TPI concluyó que el testimonio de la Sra. Díaz y los estados de cuenta hasta enero de 2024 enmendaron las

alegaciones. Según el TPI en el estado del 1 de octubre de 2019 al 11 de julio de 2019, se evidencia el cobro indebido de un cargo de $3.10 realizado el 11 de octubre de 2019. Determinó que ese cargo no procedía, porque los pagos se realizaron a tiempo. El foro primario, advirtió que ese estado evidenció el cobro indebido de $10.23 por intereses que no estaban contemplados en el reglamento. Por último, advirtió que (1) se incluyeron cargos que formaron parte del acuerdo entre ERS Housing Administration Services, Inc., (ERS) y la Asociación que debieron solicitarse como costas y gastos en el SJ2019CV05601 y (2) cobraron gastos por la radicación del caso de epígrafe que el tribunal no concedió.

No obstante, el TPI reconoció la existencia de una deuda debido a que la apelante no pagó las cuotas de mantenimiento o lo hizo tardíamente. Sin embargo, desestimó la demanda porque la Asociación no probó que la deuda reclamada era cierta y determinada. Finalmente, advirtió a la apelante que tenía que calcular con exactitud a cuanto ascendía la deuda por concepto de cuotas de mantenimiento y los recargos. El 1 de agosto de 2024, el TPI dictó la sentencia, a la cual nos referiremos como sentencia original, en la que desestimó la demanda.

La apelada solicitó reconsideración. Su representación legal adujo que el estado de cuenta identificado como exhibit 5, evidenciaba una deuda de $545.60 por cuotas de mantenimiento y cargos por demora, a partir del mes de octubre de 2019 a julio de 2023. *La apelada argumentó que la señora Díaz estableció la cuantía de la deuda, porque declaró que* los pagos realizados desde abril *de 2022 hasta diciembre de 2024 se acreditaron a la deuda del caso en que se acordó el plan de pago. Su abogado arguyó que del testimonio de la señora Díaz podía concluirse que la apelante* (1) tenía una penalidad de un 10% por los meses de noviembre y diciembre de 2019 en los que hizo el pago tardío y (2) pagó a tiempo los meses de

enero, marzo, julio, agosto, septiembre y octubre, pero el pago fue de $30.00 y debió ser $31.00. Pág. 66 del apéndice del recurso.

El TPI reconsideró la sentencia, a la cual nos referiremos como sentencia apelada y declaró ha lugar la demanda. El foro primario determinó los hechos a continuación. La apelante era la titular del inmueble ubicado en la urbanización San Gerardo1757, Calle Augusta 57 en San Juan, PR. El Municipio de San Juan aprobó el control de acceso de la urbanización San Gerardo en la Resolución Núm. 26, Serie 1995-96, enmendada por la Resolución Núm.101, Serie 2005-2006. La apelada aprobó su reglamento en la asamblea extraordinaria realizada el 11 de enero de 2009. El pago de la cuota para la seguridad y el mantenimiento está regulado en el Artículo 18 del Reglamento de la Asociación. El pago era sin recargos, siempre que fuera realizado dentro de los primeros diez días de cada mes. A partir del día once de cada mes, la cantidad adeudada devengaba un recargo mensual del diez por ciento hasta el pago total. El pago iba directamente al banco depositario. La Asociación tenía que notificar la deficiencia por escrito en caso de incumplimiento por tres meses. La ausencia de una respuesta favorable acarreaba la utilización de los recursos legales pertinentes para lograr el cumplimiento de la obligación. Determinaciones de hecho 1-5. Estas determinaciones de hecho también formaron parte de la sentencia que fue reconsiderada.

La sentencia apelada también incluyó los hechos siguientes. El 25 de octubre de 2011, la Asociación contrató los servicios de ERS Housing Administration Services, Inc. para (1) gestionar el cobro de las cuotas, (2) el mantenimiento de las cuotas por cobrar, (3) realizar depósitos bancarios en un término no mayor de cinco días de recibidos y procesados los pagos en la cuenta asignada por la Junta y (4) procesar el depósito y registro de los pagos de la cuota. ERS tenía que enviar al residente un aviso de cuota vencida, dentro

de los primeros veinte días de su vencimiento. El aviso tenía que enviarse por tres meses consecutivos. ERS estaba a cargo de cobrar las cuentas morosas, comisiones y facturas. La prueba presentada no demostró que ERS envió a la apelante un aviso de cuota vencida dentro del término establecido, ni que lo envió tres meses consecutivos. ERS acordó con la Asociación, facturar al residente o titular moroso el 30% de los intereses mensuales por petición de la Junta y previamente autorizado por escrito, más las costas, gastos y honorarios. Este cargo podría cobrarse extrajudicial o judicialmente. No obstante, dicho cargo no surge del reglamento y la Junta tampoco lo autorizó por escrito. Determinaciones de hecho 6-9. Estas determinaciones de hecho formaron parte de la sentencia original.

Otros hechos incluidos en la sentencia apelada son los siguientes. El 26 de enero de 2023, la Asociación envió una carta de cobro a la apelante. La Asociación le informó que tenía una deuda de $2,237.23 hasta el 26 de enero de 2023. La deuda correspondía a $1,729.69 para el pago de la sentencia dictada el 26 de septiembre de 2019 en el caso Civil Núm. SJ2019CV05601. La sentencia en ese caso incluyó el pago de las costas gastos y honorarios de abogados y $507.54 de las cuotas de mantenimiento adeudadas desde el 1 de octubre de 2019 al 26 de enero de 2023. El 26 de septiembre de 2019 el tribunal acogió el acuerdo entre las partes y dictó sentencia de conformidad. Las partes estipularon una deuda de $3,730.79 al 30 de septiembre de 2019, que incluyó el principal, intereses, cargos, costas y honorarios de abogado. La apelante se comprometió a cumplir con el plan de pago. Las partes acordaron el pago de 36 mensualidades de $70.00 y un pago final de $1,210.79 para saldar la deuda. Los pagos debían realizarse dentro de los primeros diez días del mes y conforme al reglamento vigente. La demandada no hizo el pago final de $1,210.79 en noviembre de 2022.

Determinaciones de hecho 10-13. Estas determinaciones de hecho no forman parte de la sentencia original.

Según consta en la sentencia apelada, la apelante pagó $101.00 el (1) 31 de octubre de 2022 de los que $70.00 eran un abono a la sentencia. Además, pagó $31.00 de la cuota mensual el 1 de diciembre de 2022, el 2 de febrero de 2023, el 13 de junio de 2023, el 30 de junio de 2023 y el 31 de agosto de 2023. La sentencia apelada, contiene las determinaciones de hecho siguientes. La apelada presentó el caso SJ2019CV05601 en el que solicitó la ejecución de la sentencia y un embargo por la suma principal de $3,730.79, e incluyó las costas, gastos y honorarios de abogado y los intereses desde que se dicte la sentencia al 6.50% anual. El tribunal determinó una deuda de $1,728.89 correspondiente a $805.10 de intereses a partir de esa fecha y hasta 21 de enero de 2023, sumadas al principal y descontados los $2,807.00 que pagó la apelante. La apelada admitió que recibió $2,807.00. La sentencia incluyó el pago de $950.00 por los honorarios del proceso de ejecución de la sentencia, las costas y gastos de la ejecución y los intereses diarios a razón de 6.50% a partir del 22 de enero de 2023. Determinaciones de hecho 10- 16. Estas determinaciones de hecho forman parte de la sentencia original.

El foro primario también determinó los hechos a continuación. El 28 de agosto de 2023 el tribunal ordenó la ejecución de la sentencia por la cantidad de $ 1,728.89, más $950.00 de honorarios e intereses diarios a razón de 6.50% a partir del 22 de enero de 2023. El 14 de septiembre se embargaron $2,125.00 de la cuenta bancaria de la apelante para satisfacer la sentencia en el caso SJ2019CVO5601. El 19 de noviembre de 2023 se emitió una orden de retiro de fondos a favor de la apelada por esa cantidad $2,125.00, más los intereses acumulados por la Ley Núm. 69-199. El 28 de noviembre de 2023 la unidad de cuentas emitió

un cheque de $2,130.655. El 28 de diciembre el tribunal concedió costas por $395.62 y tomó conocimiento judicial de que el 5 de diciembre de 2023 la apelante dio por satisfecha la sentencia con la cantidad embargada, No obstante, no surge del expediente que la apelante pagó los $395.62. Determinaciones de hecho 17-20. Estas determinaciones de hecho forman parte de la sentencia original.

Según consta en la sentencia apelada el estado de cuenta de octubre de 2019 al 11 de julio de 2023, evidencia que la apelante realizó los pagos siguientes

1. 10 de octubre de 2019, $31.00 mediante cheque
2. 21 de noviembre de 2019, $31.00 mediante cheque y $3.10 de recargo por pago tardío.
3. 19 de diciembre de 2019, $31.00 mediante cheque y $3.10 de recargo por pago tardío.
4. 16 de enero 2020, $31.00 mediante cheque y $3.10 de recargo por pago tardío.
5. 10 de febrero de 2020, $31.00 mediante cheque
6. marzo no hizo el pago y procede recargo de $3.10.
7. abril no hizo el pago y procede recargo de $3.10.
8. 14 de mayo de 2020, hizo dos pagos mediante cheque uno de $31.00 y otro de $62.00 y procede recargo de $3.10 por pago tardío.
10. 11 de junio de 2020, hizo un pago de $31.00 y procede un recargo de $3.10.
11. 16 de julio de 2020, hizo un pago con cheque de $31.00 y procede un recargo $3.10.
12. 13 de agosto de 2020, hizo un pago de $31.00 con cheque y procede un recargo de $3.10.
13. 24 de septiembre de 2020, hizo un pago con cheque de $31.00.
14. 10 de octubre de 2020, hizo un pago con cheque de $31.00
15. 19 de noviembre 2020, hizo un pago con cheque de $31.00 y procede un recargo de $3.10.
15. 17 de diciembre de 2020 hizo un pago de $31.00 y procede un recargo de $3.10.
16. 14 de enero de 2021 hizo un pago con cheque de $31.00 y procede un recargo de $3.10.
17. 9 de febrero de 2021 pago de $31.00.
18. 5 de marzo de 2021 hizo un pago de pago $31.00
19. 9 de abril de 2021 hizo un pago de $31.00.
20. 10 de mayo 2021 hizo un pago de $31.00.
21. 1 de junio 2021 hizo un pago de $31.00.
22. 2 de julio 2021 hizo un pago de $31.00.
23. 9 de agosto de 2021 hizo un pago de $31.00.
24. 7 de septiembre de 2021 hizo un pago de $31.00.
25. 4 de octubre de3 2021 hizo un pago de $21.00.
26. 3 de noviembre 2021 hizo un pago de $31.00.
27. 2 de diciembre de 2021 hizo un pago de $31.00.
28. 31 de diciembre de 2021 hizo un pago de $31.00, correspondiente a enero 2022.

29. febrero 2022 no hizo el pago y debe $31.00 más recargo 10% (3.10 mensual hasta el saldo)
30. 1 de marzo de 2022 hizo un pago de $31,00.
31. 29 de marzo 2022hizo un pago de $31.00 y procede un recargo de $3.10 por pago tardío. Determinación de hecho 21 de la sentencia apelada.

La sentencia original no incluyó los recargos de los meses de marzo, abril y mayo de 2020 y del 29 de marzo de 2022. Todo lo demás, es igual a la determinación de hecho número 21 de la sentencia apelada.

El TPI determinó de ese estado que la apelante (1) no hizo pagos posteriores al 29 de marzo de 2022, (2) pagó tardíamente los meses de noviembre y diciembre de 2019, enero, marzo, abril, mayo, junio, julio, agosto, septiembre, noviembre y diciembre de 2020, enero 2021, febrero y marzo 2022, (3) pagó tardíamente durante 15 meses. El foro primario multiplicó los quince meses por $3.10 y determinó que la deuda por recargos era de $46.50. Determinaciones de hecho 22-23 de la sentencia apelada. Estas determinaciones también fueron incluidas en la sentencia original. No obstante, en la sentencia apelada el TPI especificó la cantidad de meses que la apelante pagó tardíamente, sin incluir recargos y la cantidad adeuda.

El foro apelado determinó que el recargo cobrado el 11 de octubre de 2019 no procedía porque la apelante pagó dentro de los diez días y el pago no podía acreditarse a la deuda del caso SJ2019CV05601. Igualmente determinó que el recargo establecido en el reglamento no podía aplicarse al plan de pago, siempre que la apelante pagara en los primeros diez días del mes. El TPI determinó que tampoco procedían los 9 cargos de $10.23 correspondientes al 30% de los intereses, porque no surgían del Reglamento de la Asociación y la Junta no los autorizó por escrito según requiere el contrato de servicio. Determinaciones de hecho 24-26.

El TPI determinó del estado de cuentas del 1 de enero de 2010 al 11 de enero de 2024, que luego de 29 de marzo de 2022, el historial de pago de la apelante fue el siguiente.

(1) abril 2022 no hay pago
(2) mayo 13 2022 pago de $101.00
(3) junio no hay pago

(4) 8 de Julio y 29 de julio 2022, 2 pagos cada uno de $101.00
(5) agosto 2022 no hay pago.
(6) 2 de septiembre 2022, pago de $101.00
(7) 4 de octubre de 2022, pago de $101.00
(8) 31 de octubre de 2022, pago de $101.00
(9) noviembre 2022, NO HAY PAGO
(10) 1 de diciembre de 2022, pago de $101.00
(11) enero2023, no hay pago
(12) 2 de febrero de 2023, un pago de $101.00
(13) 1 de marzo de 2023, un pago de $101.00
(14) 3 de abril de 2023, 2 pagos de $101.00
(15) mayo 2023 no hay pago
(16) 13 de junio de 2023 un pago de $101.00
(17) 30 de junio de 2023 un pago de $101.00
(18) julio 2023 NO HAY PAGO
(19) 31 de agosto de 2023 pago de $101.00
(20) septiembre 2023 NO HAY PAGO
(21) 2 de octubre 2023 un pago de $31.00
(22) 30 de noviembre de 2023 pago de $31.00
(23) diciembre 2023 NO HAY PAGO
(24) 4 de enero de 2024un pago de $31.00
(25) 9 de enero de 2024 un pago de $31.00. Determinación de hecho 26 de la sentencia apelada. Esta determinación de hecho forma parte de la sentencia reconsiderada.

El TPI concluyó de ese estado los hechos siguientes. La apelante no pagaba la cuota de mantenimiento constantemente todos los meses o no hacia el pago dentro de los primeros diez días del mes. Según el TPI durante los meses de abril de 2022 a agosto de 2023 la apelante realizó 14 pagos de $101.00. El TPI enfatizó que señora Díaz aceptó que apelante tenía la intención de aplicar $31.00 a la cuota mensual y los $70 al plan de pago. El foro primario determinó que posteriormente realizó 4 pagos de $31.00. Determinaciones de hecho 27-29 de la sentencia apelada. Estas determinaciones de hecho forman parte de la sentencia original.

Por último, el TPI determinó que los pagos se aplicaron a la deuda, porque la apelante no especificó el período al que respondía.

El TPI concluyó de la tabla presentada en evidencia que, para enero de 2024, la apelante adeudaba cuatro pagos de $31.00 que no se realizaron y el recargo de $3.10 correspondiente a todos los meses desde abril de 2022 a enero de 2024. El TPI sostuvo que la apelante tenía una deuda de $192.00 que incluía cuatro meses descubiertos y los recargos aplicables según el reglamento. El foro apelado sumó las cuantías de ambos períodos y determinó que el total adeudado a enero de 2024 era de $238.70. Estas determinaciones no formaron parte de la sentencia original.

El foro primario reconsideró su decisión y declaró ha lugar la demanda. Según el TPI la apelada demostró que, para enero de 2024, la apelante adeudaba $238.70 de cuotas de mantenimiento y recargos. El TPI concluyó que la deuda estaba vencida y era líquida y exigible. Dicho foro impuso a la apelante el pago de $500 de honorarios y le advirtió que estas sumas devengaban el pago del interés legal vigente. Por último, concedió a la apelada las costas y gastos del litigio sujeto al cumplimiento de la Regla 44.1

Inconforme, la apelante presentó este recurso en el que alega que:

> COMETIÓ ERROR EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA DEMANDA CUANDO LA PARTE APELADA ESTABA IMPEDIDA DE INCOAR UNA ACCIÓN JUDICIAL POR LA ALEGADA DEUDA A TENOR CON SU PROPIO REGLAMENTO APROBADO POR LA ASAMBLEA DE LA ASOCIACIÓN DE SAN GERARDO.
>
> COMETIÓ ERROR EL TRIBUNAL DE PRIMERA INSTANCIA AL EVALUAR LA SUFICIENCIA DE LA PRUEBA.
>
> COMETIÓ ERROR EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE HONORARIOS DE ABOGADO POR TEMERIDAD DE LA PARTE APELANTE.

**II**

**Revisión Judicial**

Los tribunales apelativos no intervendrán con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hecho del tribunal sentenciador. No obstante, esa norma general no aplica si existe error manifiesto, prejuicio parcialidad o un craso abuso de discreción. *Citibank et al v. ACBI et* al, 200 DPR 724, 736 (2018). La deferencia al foro primario está predicada en que sus jueces están en mejor posición para aquilatar la prueba testifical, porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo. Los foros apelativos están obligados a intervenir, cuando la apreciación de la prueba del tribunal sentenciador no representa el balance más racional, justiciero y jurídico de la totalidad de la evidencia y su evaluación se distancia de la realidad fáctica o es inherentemente imposible o increíble. Los tribunales apelativos se encuentran en la misma posición que el foro sentenciador, cuando las conclusiones de hechos se fundamentan en prueba documental o pericial. *Santiago Ortiz v. Real Legacy et al,* 206 DPR 194, 219 (2012); *Gómez Márquez et al v. El Oriental,* 203 DPR 783, 792-795 (2020).

Un tribunal abusa de su discreción cuando el juez (1) ignora sin fundamento algún hecho material, (2) concede demasiado peso a un hecho inmaterial y (3) fundamenta su decisión principalmente en ese hecho irrelevante o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y una determinación irrazonable. *Citibank v. ACBI et al,* supra, pág. 736.

**Regla 60**

La Regla 60 de Procedimiento Civil, 32 LPRA AP V establece un procedimiento sumario de cobro de dinero. La aplicación de las Reglas de Procedimiento Civil establecidas para el procedimiento ordinario es supletoria, siempre que sean compatibles con el

proceso sumario. Únicamente pueden reclamarse judicialmente las deudas vencidas, líquidas y exigibles. La palabra líquida significa el saldo o residuo de cuantía cierta, mientras que exigible significa que puede demandarse su cumplimiento. La deuda es líquida por ser cierta y determinada, y es exigible porque puede demandarse su cumplimiento. La parte demandada puede solicitar la conversión del procedimiento sumario a uno ordinario debido a que (1) el derecho de cobro no surge claramente y es necesario hacer descubrimiento de prueba, (2) tiene una reconvención compulsoria o (3) necesita añadir un tercero demandado, entre otras cosas. *RMCA v. Mayol Bianchi,* 208 DPR 100, 107-109 (2021).

Por otra parte, el Código Municipal exige que el propietario en mora por el pago de cuotas de mantenimiento sea notificado por correo certificado con acuse de recibo. Si el propietario no hace el pago por correo certificado dentro de los quince días de la notificación, podrá ser interpelado judicialmente para que cumpla con la obligación. El deudor moroso pagará las costas y honorarios del pleito. Artículo 3.010 de la Ley núm. 107-2020, conocida como Código Municipal, 21 LPRA sección 7420(b).

**Honorarios de Abogado**

Los honorarios de abogado sancionan la temeridad. La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, es la vía procesal para imponer honorarios por temeridad. Los tribunales deberán imponer honorarios a cualquier parte o a su abogado, si han actuado temeraria o frívolamente. La cantidad impuesta será la que el tribunal entienda corresponde a la conducta cometida. Su imposición promueve disuadir la litigación frívola, compensar en lo posible los gastos de la parte que no ha sido temeraria y fomentar las transacciones de los pleitos. Su exigencia es imperativa, una vez se determina la temeridad. El Tribunal Supremo de Puerto Rico ha resuelto que una parte es temeraria si, (1) insiste contumazmente

en alegar algo sin prueba fehaciente que la apoye, (2) niega los hechos que le constan o son de fácil corroboración y (3) dilata los procedimientos judiciales para no responder por sus obligaciones. La imposición de honorarios de abogado a la parte temeraria descansa en la sana discreción judicial. Los tribunales apelativos únicamente podrán variar la cantidad impuesta, si hubo abuso de discreción. *SLG González Figueroa v. SLG et al*, 209 DPR 138, 147, 149-150 (2022).

**III**

La apelante alega que la Asociación incumplió con su reglamento, porque no le envió el Aviso de Cuota Vencido, (1) dentro de los primeros veinte días del vencimiento y (2) por tres meses consecutivos. Su representación legal aduce que la carta enviada por la Asociación, el 26 de enero de 2023, no cumple con los requisitos reglamentarios.

Por su parte, la Asociación sostiene que no está obligada a notificar a los miembros que han incumplido con el pago de las cuotas de mantenimiento dentro de los 20 días y durante tres meses consecutivos.

El 26 de enero de 2023 la apelada envió a la apelante la comunicación siguiente:

> Estimados señores
>
> Nuestro cliente **ASOC DE RES, SAN GERARDO INC.** ha contratado nuestros servicios profesionales para gestionar el cobro de la deuda de referencia, por concepto de cuotas de seguridad y o mantenimiento de las áreas comunes, que tiene usted y su cónyuge. Esta deuda, es líquida y vencida, la cual devenga intereses, recargos y penalidades hasta su pago total.
>
> A tenor con la **Ley Núm. 107 del 14 de agosto de 2020, Código Municipal de Puerto Rico, Libro III Capítulo I** y o de las disposiciones de la escritura matriz de restricciones y usos de la comunidad y o el reglamento, le requerimos el pago del balance adeudado. De usted no efectuar el pago en el plazo de 30 días a partir del recibo de esta notificación procederemos a exigirlo por la vía judicial. El pago aquí reclamado debe ser emitido en cheque de gerente o giro a nombre de la

ASOC DE RES SAN GERARDO, INC, a la siguiente dirección ERS HOUSING ADMINISTRATION SERVICES, INC. PO BOX 1043, SABANA SECA, PR 00952-1043.

De tener usted algún reparo o disputa a la validez de la deuda reclamada o a cualquier porción de ella, deberá notificarlo por escrito dentro del término señalado previamente a partir del recibo de esta carta. De usted llevar a cabo una reclamación o disputa, se asumirá que la deuda es válida, líquida y exigible, se instará la correspondiente acción civil, lo que eventualmente representará para usted mayores gastos y contratiempos en el pago de las costas y honorarios de abogado.
Cualquier información obtenida mediante esta comunicación puede ser usada en su contra en cualquier acción legal en cobro de dinero. *Si usted ha realizado el pago antes mencionado, favor de hacer caso omiso a este aviso.* La presente misiva tiene la intención de interrumpir el término prescriptivo con relación al cobro que aquí se reclama.

Esperamos que aproveche la oportunidad que se le brinda y le indicamos que el curso de acción a seguir en el presente caso queda de su parte.

Atentamente

Lcdo. Agustín Manguar Amador. Véase página 3 del apéndice de la oposición.

La carta tenía una nota al calce con el desglose de la deuda que consistía en (1) $1,729. 69 de sentencia dictada en el caso *Asoc. De Res. San Gerardo, Inc. V. Israel Torres Vélez, Vannesa Rodríguez Robert, Civil Núm.* y (2) $507.54 partir del 1 de octubre de 2019 al 26 de agosto de 2023.

El Código Municipal exige que el propietario moroso por el pago de cuotas de mantenimiento sea notificado por correo certificado con acuse de recibo. Si el propietario no hace el pago por correo certificado dentro de los quince días de la notificación, podrá ser interpelado judicialmente para que cumpla con la obligación. El deudor moroso pagara las costas y honorarios del pleito. Por su parte, el inciso D del artículo 18 de Reglamento de la Asociación dispone lo siguiente:

1. D. La cuota mensual será pagadera sin recargo, no más tarde del día diez (10) de cada mes, directamente al banco depositario. A partir del día once (11) del mes la cantidad

adeudada devengará un recargo mensual de diez (10%) por ciento hasta el pago en su totalidad. Cuando cualquier miembro de la Asociación que hubiere incumplido en el pago de la cuota durante tres (3) meses o que de cualquier otra forma dejare de pagar sus obligaciones económicas con la Asociación, esta le notificará la deficiencia por escrito y en el caso de no responder favorablemente, se utilizaran los recursos legales pertinentes para lograr el cumplimiento de las obligaciones del titular. Véase página 45 del apéndice de la oposición al recurso.

Según dicho artículo:

1.cuando cualquier miembro de la Asociación hubiese incumplido en el pago de la cuota durante tres meses,
2. o que de cualquier forma dejare de pagar sus obligaciones económicas con la Asociación,
3.     la deficiencia se notificará por escrito,
4.     si no responde favorablemente, se utilizarán los recursos legales pertinentes para lograr el cumplimiento de las alegaciones

El primer señalamiento de error no se cometió. El Código Municipal y el Reglamento de la Asociación, no obligan a la apelada a notificar a la apelante dentro de los primeros veinte días del vencimiento de la cuota y durante tres meses consecutivos.

La apelante alega que el TPI erró al variar su apreciación de la prueba. Su representación legal aduce que el TPI ignoró que la testigo de la Asociación no pudo precisar el tiempo que cubría la deuda reclamada, ni especificar los meses adeudados.

La Asociación alega que la deuda puede ser determinada, porque su testigo identificó los pagos de abril de 2022 a diciembre de 2023, que se acreditaron a la deuda del caso.

La controversia planteada se reduce a determinar, si la Asociación probó que la apelante tiene una deuda vencida, líquida y exigible por las cuotas de mantenimiento.

La apelante tiene razón. El TPI erró al dejar sin efecto la sentencia original y dar credibilidad al testimonio de la señora Díaz. La prueba que presentó la Asociación para probar una deuda vencida, líquida y exigible por cuotas de mantenimiento no nos merece credibilidad. La señora Aileen Díaz Cruz analizaba las cuentas en el Departamento Legal de ERS Housing y trabajó los

estados de la apelante. Véase páginas 1-7 y, 18 de la transcripción. Pág. 32 de la transcripción. Sin embargo, no pudo precisar los meses adeudados, ni cuál era la cuantía de la deuda. Su testimonio fue contradictorio. La testigo declaró que la deuda por cuotas de mantenimiento era de novecientos cincuenta y ocho dólares. Páginas 40 y 41 de la transcripción. Según la testigo la deuda era a partir del mes de octubre 2023 al mes de enero 2024. No obstante, admitió que estaba confundida. Véanse págs. 50 a 55 de la transcripción. La señora Díaz también admitió que en la demanda se reclamó una deuda a partir del mes de octubre de 2019 hasta julio de 2023. Véase págs. 56 y 71 de la transcripción. La testigo no pudo decir los meses adeudados y necesitó refrescarse la memoria con el estado de cuenta. Véase página 61 de la transcripción. Tampoco pudo contestar, porqué el estado no tenía la fecha en la que se recibía el cheque del pago. Véase pág. 92 de la transcripción. Fue confrontada con un cheque del 6 de marzo de 2022 y reconoció que se cobraron recargos. Véase págs. 97a 98 de la transcripción. Además, la testigo admitió que el cheque del 20 de marzo se aplicó para el mes de mayo. Véanse págs. 100 a 101 de la transcripción.

La testigo de la Asociación reconoció que en febrero de 2021 se cobró un cargo de tres dólares con diez centavos, a pesar de que el pago se procesó electrónicamente el 9 de febrero de 2021. La misma situación ocurrió en los meses de marzo, abril, mayo, junio, julio, agosto septiembre, octubre, noviembre y diciembre de 2021 en los que los pagos se realizaron antes del día diez. Véanse págs. 113 a 115 de la transcripción. La testigo dijo que en mayo de 2022 los pagos se comenzaron a acreditar a la deuda de la sentencia. Véase pág. 124 de la transcripción. No obstante, cuando vio el estado dijo que fue en el mes de noviembre de 2022. Véase pág. 125 del apéndice. La testigo admitió que se cobraron cargos a pesar de que los pagos se hicieron a tiempo. Véase pág.147 de la

transcripción. Por otro lado, manifestó que estaba confundida sobre el último pago que dejó de hacer la apelante. Finalmente dijo que fue en diciembre 2022. Véanse págs. 65 y 66 de la transcripción. Tampoco recordó los meses que la apelante dejó de pagar y reconoció que no las contó. Véanse págs. 66 a 67 del apéndice. Por último, admitió, que (1) la gestión de cobro requiere el incumplimiento durante tres meses y que en este caso no existe ningún incumplimiento de tres meses. Véase pág. 149 de la transcripción y, (2) la apelante no fue notificada que los pagos iban a acreditarse al otro caso. Véase pág.158 de la transcripción.

La prueba documental incluyó la sentencia del caso SJ 2019-CV05601 en el que las partes estipularon una deuda de $3,730.79 para el 30 de septiembre de 2019. Véase pág. 84 del apéndice la oposición. Además, incluyó dos estados financieros. Uno comprende del 1 de enero de 2010 al 1 de enero de 2024 y el balance de la deuda es de $2,096.38. Véase pág. 48 del apéndice de la oposición. El otro es de octubre de 2019 a enero 2024 y la deuda es de $1,821.66. Véase pág. 127 del apéndice de la oposición. Ambos estados contienen información distinta sobre el balance de la deuda. Por ejemplo, para el 1 de enero de 2023, el balance era de $1,418.00, según el estado que comenzó en el año 2010. Véase pág. 80 del apéndice de la oposición. No obstante, en el otro estado para esa fecha el balance era de $494.21. Véase pág. 129 del apéndice de la oposición.

Por último, la apelante cuestiona que el TPI no impuso a la Asociación el pago de honorarios por temeridad.

Aunque la Asociación no demostró que la deuda que alega es líquida y exigible, no encontramos que haya actuado con la temeridad requerida para imponerle el pago de honorarios. No tenemos dudas de que existe una deuda de cuotas de

mantenimiento, pero es imposible determinarla porque la demandante no pudo establecer cuantía y liquidez.

**IV**

Por las razones antes expresadas se revoca la sentencia apelada, salvo la denegatoria a imponer honorarios a la Asociación y se desestima la demanda.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones